Sarah KUNSTLER, et al., Plaintiffs,

v.

THE CITY OF NEW YORK,
et al., Defendants.

No. 04 CIV. 1145(RWS)(MHD).

United States District Court,
S.D. New York.

July 19, 2006.

Mariann Meier Wang, Matthew D. Brinckerhoff, Sarah Netburn, Emery Celli Brinckerhoff & Abady, LLP, Matthew D. Strugar, Rachel A. Meeropol, Center for Constitutional Rights, Shane Kadidal, New York, NY, for Plaintiffs.

Jennifer Amy Rossan, Jennifer Angela Coyne, NYC Law Dept. Off. of the Corporation Counsel, Brooklyn, NY, for Defendants.

## MEMORANDUM OPINION

SWEET, District Judge.

Defendants have moved pursuant to Fed.R.Civ.P. 72(a) for an order setting aside the Order of the Honorable Michael H. Dolinger dated June 8, 2006 ("the June 8 Order"). Plaintiffs opposed Defendants' objections. The motion was marked fully submitted on July 12, 2006.

The June 8 Order, which was issued to Defendants' counsel only, contained certain findings and ordered the Defendants to take certain actions, including to inform Plaintiff's counsel in writing whether undercover officers were present at the Demonstration that is the subject of this litigation (the "Demonstration"). Pursuant to an order entered by Judge Dolinger on June 13, 2006, Defendants submitted a redacted version of the June 8 Order, which was released to Plaintiffs on June 16, 2006.

Defendants object to the June 8 Order in two respects. First, Defendants argue that the June 8 Order was clearly erroneous in its determination that the law enforcement privilege is inapplicable to information regarding whether there were undercover police officers present at the Demonstration and in its conclusion that the law enforcement privilege had been waived. Second, Defendants argue that the imposition of sanctions upon Defendants is inappropriate.

Under Fed.R.Civ.P. 72(a), a district court judge reviewing objections to a mag-

istrate judge's order "shall consider such objections and shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law." Fed.R.Civ.P. 72(a). Having reviewed the June 8 Order and considered the Defendants' objections, the June 8 Order is hereby adopted in its entirety.

■■■ The law enforcement privilege is designed "to prevent disclosure of law enforcement techniques and procedures, to preserve the confidentiality of sources, to protect witness and law enforcement personnel, to safeguard the privacy of individuals involved in an investigation, and otherwise to prevent interference with an investigation." *In re Dep't of Investigation of the City of New York v. Myerson,* 856 F.2d 481, 484 (2d Cir.1988). Courts addressing whether the law enforcement privilege shall apply are to "balance the public interest in nondisclosure against the need of the particular litigant for access to the privileged information." *Friedman v. Bache Halsey Stuart Shields, Inc.,* 238 U.S.App. D.C. 190, 738 F.2d 1336, 1341 (D.C.Cir.1984). In accordance with this standard and in light of the fact that impediments to factfinding in a § 1983 case are not favored, *Skibo v. City of New York,* 109 F.R.D. 58, 64 (E.D.N.Y.1985), it is determined that the June 8 Order properly concluded that the law enforcement privilege shall not apply with respect to the presence of undercover police officers at the Demonstration.

Additionally, irrespective of the merits of the invocation of the law enforcement privilege, Defendants have not demonstrated that Magistrate Judge Dolinger's determination that Defendants waived the law enforcement privilege was clearly erroneous or contrary to law. As Judge Dolinger held, the privilege belongs to the client, here the Police Department, and sufficient explanation for the client's failure to invoke the privilege for nearly two years has not been presented. Additionally, it is noteworthy that the June 8 Order did not definitively conclude that the privilege has been waived, but rather instructed the Defendants to provide additional information addressing the issue of waiver. In accordance with this directive, Defendants remain free to raise such arguments before Judge Dolinger.

As to whether Defendants' arguments relating to whether the imposition of sanctions is appropriate, Defendants have pointed to nothing demonstrating that the June 8 Order is clearly erroneous or contrary to law. Indeed, upon review, it appears that the June 8 Order did not actually impose any sanctions upon Defendants.

For the reasons set forth above, the June 8 Order is hereby adopted in its entirety. Defendants shall comply with the directives contained therein by July 28, 2006.

It is so ordered.