Joy MURCHISON–ALLMAN,
et ano., Plaintiffs,

v.

CITY OF NEW YORK,
et al., Defendants.

No. 14cv2160–ALC–FM.

United States District Court,
S.D. New York.

Signed July 23, 2015.

As Amended Sept. 16, 2015.

Jennifer Ann Bonjean, Bonjean Law Group, PLLC, Brooklyn, NY, for Plaintiffs.

Gary Moy, New York City Law Department, New York, NY, for Defendants.

## MEMORANDUM DECISION

FRANK MAAS, United States Magistrate Judge.

The Plaintiffs in this civil rights action contend that their Fourth, Fifth, Eighth,

and Fourteenth Amendment rights were violated as a result of a search of their apartment in the Bronx and subsequent arrest. On the date of the search, the New York City Police Department conducted "no-knock" searches of two apartments in the same line in the Plaintiffs' building—Apartments 24 and 34—seeking heroin and other items related to drug dealing. The apartments evidently had different tenants, and there is no suggestion that the tenants were engaged in a common criminal enterprise. The search of Apartment 34, the Plaintiffs' apartment, resulted in their arrest for possession of some ammunition and a small quantity of marijuana, misdemeanor offenses that later were dismissed. The police did not locate any evidence of large-scale drug dealing.

The Plaintiffs contend that, because they are not drug dealers, the application for a search warrant for their apartment must have contained statements that were either false or made in reckless disregard of the truth. Conceding that the Plaintiffs cannot prevail on their claims without the search warrant applications, their counsel has moved to compel disclosure of the application materials related to both search warrants, as well as the warrant for the search of Apartment 24. One of the Plaintiffs' justifications for requesting this information is that a trier of fact could draw a "reasonable inference" that the officer seeking the warrants gave false information to the state court if his affidavits with respect to both apartments contained "nearly identical information." (ECF No. 35 (Pl.'s Mem. in Support of Mot. to Unseal ("Pl.'s Mem.") at 6)). The District Attorney of Bronx County, a third party to the lawsuit, has submitted papers opposing the Plaintiffs' application which rely principally on the law enforcement privilege. (*See* ECF Nos. 46 (Mem. of Law in Opp. to Mot. to Unseal ("Opp. Mem.")), 47 (Affidavit of Robert Sandusky,

III in Opp. to Mot. to Unseal ("Sandusky Aff."))).

■■■ The purpose of the law enforcement privilege is to prevent the disclosure of "law enforcement techniques and procedures, to preserve the confidentiality of sources, to protect witness[es] and law enforcement personnel, to safeguard the privacy of individuals involved in an investigation, and otherwise to prevent interference with an investigation." *Schiller v. City of New York*, 252 F.R.D. 204, 207 (S.D.N.Y. 2008) (quoting *In re Dep't of Investigation*, 856 F.2d 481, 484 (2d Cir.1988)) (internal quotation marks omitted). "An investigation need not be ongoing for the law enforcement privilege to apply as the ability of a law enforcement agency to conduct future investigations may be seriously impaired if certain information is revealed." *Nat'l Congress for Puerto Rican Rights v. City of New York*, 194 F.R.D. 88, 95 (S.D.N.Y.2000) (internal quotation marks omitted). Nonetheless, the privilege is only a qualified privilege. Accordingly, in deciding whether to the enforce it, the Court must balance the alleged need for the information against the public's interest in nondisclosure. *Kunstler v. City of New York*, 439 F.Supp.2d 327, 328 (S.D.N.Y.2006); *Otterson v. National R.R. Passenger Corp.*, 228 F.R.D. 205, 207 (S.D.N.Y.2005).

■■■ In his papers, the District Attorney expresses concern that the physical safety of a confidential informant might be compromised if his identity were to be revealed. The District Attorney further suggests that the careful procedures applicable to search warrant applications in state court militate against the Plaintiffs' speculative concerns. As Assistant District Attorney Robert Sandusky, III explains, in state court the issuing justice considers an affidavit from the applicant police officer and (unlike in federal court)

typically also hears sworn testimony from both the officer and the informant. The application and related materials subsequently are sealed. (Sandusky Aff. ¶ 2).

In this instance, Justice Michael Gross granted both search warrant applications on the same day. (*Id.* ¶ 3). The transcript of the testimony related to Apartment 34, where the Plaintiffs lived, is available, but any testimony related to Apartment 24 evidently has never been transcribed. (*Id.;* ECF No. 50 (Letter from Mr. Sandusky to the Court, dated July 28, 2015) at 1). Nevertheless, because both an officer and an informant testified before Justice Gross with respect to Apartment 34, Mr. Sandusky suggests that "it is highly likely that the exact same procedure was followed" with respect to Apartment 24. (Sandusky Aff. ¶ 2).

It does seem unusual for there to have been simultaneous searches of two apartments in the same line of a single building—possibly based on the sworn statements of the same informant—when there is no suggestion that the occupants of the two apartments were working in concert in a drug business. The fact that no heroin was found also lends credence to the Plaintiffs' claims that they are not, and never have been, drug dealers. This raises the spectre that the police could have been covering their bases by seeking two search warrants in circumstances where there was probable cause to believe only that one of the apartments would contain heroin. On the other hand, it is equally plausible that nothing untoward occurred.

In these unique circumstances, I will grant the Plaintiffs' motion, but only to the extent of examining *in camera* the search warrant for Apartment 24 and the search warrant applications (and any related materials) for both apartments. If I determine that any of those materials should be produced to the Plaintiffs' counsel, I first will redact (or direct the District Attorney to redact) any information that would enable the Plaintiffs to identify the informant, including the dates of any narcotics purchases. To enable the *in camera* review to take place, Mr. Sandusky is directed to deliver unredacted copies of the materials to my Chambers by August 7, 2015.

Finally, in view of this disposition, the Clerk of the Court is directed to close the motion to compel. (ECF No. 33).

SO ORDERED.